UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PHILLIP LITTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:17-CV-741 PS |
| vs. | ) | |
| | ) | |
| ROBERT CARTER, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Phillip Littler, a *pro se* prisoner, filed a complaint against various Indiana

Department of Correction officials without first exhausting the prison's grievance

system. ECF 1 at 5. Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint

and dismiss it if the action is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief. 28 U.S.C. § 1915A. In determining whether the complaint states a

claim, the Court applies the same standard as when deciding a motion to dismiss under

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th

Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is

plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir.

2009). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few

words on paper that, in the hands of an imaginative reader, *might* suggest that

something has happened to her that *might* be redressed by the law. *Swanson v. Citibank,*

*N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). I must bear in mind,

however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Littler complains about the Westville Correctional Facility's policy of only

allowing inmates to receive correspondence on "plain white lined paper with writing in

ink or pencil." ECF 1 at 2. He claims that prison officials have confiscated many of his

letters based on this policy. Littler alleges this infringes on his First Amendment rights.

However, Littler admits that he did not exhaust his administrative remedies with

respect to this claim before filing suit. ECF 1 at 5. Littler explains that he wanted to file

suit while his grievance appeal was pending to avoid his confiscated letters from being

destroyed while he waited to exhaust the grievance process.[1]  This allegation makes

clear that there is a grievance process available at the prison, but that Littler opted not

to exhaust that process because he wanted to get to court sooner rather than later.

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited

from bringing an action in federal court with respect to prison conditions until "such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although

the failure to exhaust is an affirmative defense, dismissal at this stage is appropriate if

---

[1]In ruling on his motion for preliminary injunction, I realized that Littler was filing this case when he did in an effort to preserve various letters. Because of that, I directed the clerk to send the October 3, 2017, order to the Superintendent of Westville in an effort to trigger the Superintendent's duty to preserve evidence. ECF 3.

the defense is "unmistakable" and "apparent from the complaint itself." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002); *see also Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) (dismissal on the basis of an affirmative defense is appropriate when the plaintiff pleads himself out of court). Littler's complaint meets this standard.

The U.S. Supreme Court has made clear that exhaustion is not optional but is instead a mandatory prerequisite to filing suit over prison conditions. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). To satisfy the exhaustion requirement, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

Littler does not allege, nor can it reasonably be inferred, that jail staff made the grievance process unavailable to him by failing to provide the necessary forms or otherwise hindering his efforts to file a grievance. *See Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Instead, Littler simply chose not to exhaust his grievance because he was in a hurry to get to court, which he cannot do. Because it is apparent from the complaint that Littler has not exhausted his available administrative remedies, Section 1997e(a) requires that this suit be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (noting that "it is essential to keep the courthouse doors closed until those efforts have run their course.").

Accordingly, the complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

ENTERED: January 29, 2018       /s/ Philip P. Simon
                                                Judge
                                                United States District Court