UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHILLIP LITTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:17-CV-741 PS |
| vs. ) | |
| ) | |
| ROBERT CARTER, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Phillip Littler, a *pro se* prisoner, filed a motion to reconsider the dismissal order pursuant to Federal Rule of Civil Procedure 59(e). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Littler's complaint was dismissed without prejudice because he admitted that he did not exhaust his administrative remedies before filing suit. ECF 1 at 5; ECF 6. His allegations made clear that there was a grievance process available at the prison, but that he opted not to exhaust that process because he wanted to get to court sooner rather than later. In his motion to reconsider, Littler asks me to reconsider the dismissal order and reopen this case since he has now exhausted his available administrative remedies. ECF 8 at 2, 5-8. This I cannot do.

The problem here is timing. As the Seventh Circuit has explained, "[s]ection 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (*quoting*

*Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532 (7th Cir. 1999). This rule is enforced "by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending." *Ford*, 362 F.3d at 398 (citations omitted); *see also Gaston v. Ghosh*, Case No. 11-cv-6612, 2017 WL 5891042, at *7 (N.D. Ill. Nov. 28, 2017). Because it is undisputed that Littler filed this lawsuit before exhausting his available administrative remedies, it must be dismissed. This remains true even though Littler has subsequently exhausted those remedies.

All is not lost for Littler. The dismissal was without prejudice. Now that he has allegedly exhausted his administrative remedies, he may pursue his claims by filing a new lawsuit, but he just may not proceed in this one.[1]

Accordingly, the motion to reconsider is DENIED.

SO ORDERED on March 19, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

---

[1] On its face, the need to file a new lawsuit may seem unnecessary or unduly burdensome to Littler. However, there is a rationale behind requiring Littler to file a new lawsuit rather than just allowing him to file an amended complaint in this one. In *Ford*, the Seventh Circuit explained:
> Rules of the form "negotiate now, litigate later" or "administrative remedies first, litigation second" reflect a belief that postponing suits induces people to concentrate their attention on negotiation or alternative dispute resolution, so that some fraction of the time parties will not need to litigate at all. Once litigation commences, however, that casts a pall over negotiation or the administrative process, because it commits both resources and mental energies to court. Some persons are bound to . . . declare that the administrative process is irrelevant once suit begins. To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.

362 F.3d at 398.